UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ZELTA M. GIBSON,<br><br>    Petitioner,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Respondent. | Case No.: 1:18-cv-00326-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Petitioner Zelta M. Gibson's Petition for Review[1] (Dkt. 1), appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits and supplemental security income.[2] *See* Pet. for Review (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On August 21, 2014, Petitioner Zelta M. Gibson ("Petitioner") protectively applied for Title II disability and disability insurance benefits and for Title XVI supplemental security

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted in as the Respondent in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

[2] Because Petitioner filed two separate claims, there are parallel regulations for many of the propositions of law stated herein. For brevity, the analysis portion of this decision generally cites only the regulations appearing in Part 404 of Title 20 of the Code of Federal Regulations, dealing with Petitioner's Title II claim for disability insurance benefits. Citations to identical or nearly identical regulations in Part 416, related to supplemental security income benefits, are omitted in some places.

income. (AR 20.) Petitioner alleged disability beginning March 28, 2014. (*Id.*) Her claims were denied initially on October 16, 2014 and then again on reconsideration on January 21, 2015. (*Id.*) On February 4, 2015, Petitioner timely filed a written request for hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Petitioner testified at a hearing held on October 17, 2016 in Boise, Idaho, as did impartial vocational expert Sara Statz. (*Id.*)

On October 27, 2016, ALJ John C. Arkoosh issued a decision denying Petitioner's claim, finding that Petitioner was not disabled within the meaning of the Social Security Act during the period from her alleged onset date through the date of his decision. (AR 29–30.) Petitioner requested review from the Appeals Council, which granted her request for review on February 23, 2018 and gave her 30 days to send additional information about her case or to ask for an appearance. (AR 209.) Petitioner did not submit a statement or additional evidence. (AR 4.)

On June 4, 2018, the Appeals Council issued a separate decision adopting some parts of the ALJ's decision. (AR 4–7.) In particular, the Appeals Council adopted the ALJ's statements regarding applicable law, the issues in the case, and the evidentiary facts. (AR 4.) It agreed with the ALJ's findings under steps one through three of the sequential evaluation, but it did not agree with the ALJ's finding at step four that Petitioner could perform past relevant work. (AR 4–5.) Although the ALJ did not make any findings at step five, the Appeals Council nonetheless made its own step-five findings based on the record before it. (AR 5–6.) Applying the Medical-Vocational Rules, the Appeals Council found that Petitioner had acquired transferrable skills from past relevant work and that such skills would require very little, if any, vocational adjustment to other occupations existing in significant numbers in the national economy. (*Id.*) Based on this finding, the Appeals Council found that Petitioner was not disabled at any time

**MEMORANDUM DECISION AND ORDER – 2**

between her alleged onset date and the date of the ALJ decision. (AR 6–7.) The Appeals Council's decision is the final decision of the Commissioner of Social Security in this matter.

Having exhausted her administrative remedies, Petitioner filed this case. She contends that "the denial of her disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g) and all other applicable laws and regulations, including the weight of the evidence, her credibility, the medical opinions of her doctors, and any and all other applicable evidentiary issues, both in law and in fact, and therefore the denial of her claim should be reversed or remanded for further administrative proceedings." Pet. for Review 2 (Dkt. 1). Petitioner argues that (1) Respondent's finding that her skills are transferable to other work is not supported by substantial evidence; (2) Respondent's RFC determination is erroneous because she was found to suffer from severe mental impairments but her RFC does not include any mental limitations; and (3) Respondent's credibility finding is unsupported because Respondent failed to consider Petitioner's work history. *See generally* Pet'r's Mem. (Dkt. 16). Petitioner asks that the case be remanded for a further hearing. *Id.* at 20.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v.*

*Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance (*Trevizo*, 871 F.3d at 674), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).[3]

---

[3] This case is unusual in that, distinct from most petitions for review in Social Security appeals, the final decision under review was issued by the Appeals Council rather than an ALJ. Nonetheless, the Appeals Council in this matter has adopted substantial portions of a prior decision by an ALJ. Therefore, this memorandum decision and order refers at various times to the ALJ, to the Appeals Council, and to Respondent. "Respondent" is used to refer to the arguments by Petitioner's opponent in this case or as a stand-in for a Social Security Agency fact-finder or evaluator generally, where the posture of this case might otherwise make it unclear or underinclusive to refer only to the ALJ or to the Appeals Council.

**MEMORANDUM DECISION AND ORDER – 4**

## III. DISCUSSION

**A. Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner did not engage in substantial gainful activity during the period from her alleged onset date of March 28, 2014 through the date of the ALJ's decision. (AR 22.)

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it

does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that, as of the date of his decision, Petitioner had the following severe impairments: "degenerative disc disease of the spine, hyperthyroidism, vertigo, bipolar disorder, depression, and anxiety." (AR 22.)

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal a listed impairment, her claim cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ found that Petitioner did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 23–25.)

On review, the Appeals Council adopted the ALJ's findings for the first three steps of the analysis. (AR 4.)

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she performed within the last 15 years or 15 years prior to the date that disability must be

established, as long as the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ made an RFC determination (AR 25) that the Appeals Council did not adopt. Rather, the Appeals Council found that Petitioner had the RFC to perform:

> light work, except that the claimant can occasionally balance and climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; and avoid all exposure to workplace hazards, including unprotected heights and moving mechanical parts.

(AR 6.) Based on this RFC, the Appeals Council further found that Petitioner was not capable of performing any of her past relevant work. (AR 6.)

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled.

Here, the Appeals Council found that Petitioner is an individual of advanced age who has a high school education and whose past relevant work is semiskilled or skilled. (AR 6.) Relying on the testimony of the vocational expert, it further found that Petitioner "can apply the skills she demonstrated in the performance of past relevant work to meet the work requirements of other jobs within her residual functional capacity," such as teller, clearing house clerk, and administrative clerk. (AR 6.) The Appeals Council found that these jobs exist in significant numbers in the national economy and that "[t]here would be very little, if any, vocational adjustment in terms of tools, work processes, work settings, or industry." (AR 6–7.)

**MEMORANDUM DECISION AND ORDER – 7**

Based on the finding that Petitioner could perform jobs that exist in significant numbers in the national economy, the Appeals Council ultimately concluded that Petitioner was "not disabled as defined in the Social Security Act at any time through" October 27, 2016, the date of the ALJ's decision. (AR 7.)

**B.     Analysis**

Petitioner raises three primary issues with the challenged decision. First, she argues Respondent's finding she can transfer her skills from her past work to other work is not supported by substantial evidence. Second, she argues Respondent erred by assigning an RFC with no mental limitations despite finding she suffers from severe mental impairments. Third, she argues Respondent erred when evaluating her credibility by failing to consider her work history. *See generally* Pet'r's Mem. (Dkt. 16). Each argument will be addressed in turn.

**1.     Respondent's Finding Petitioner's Skills Are Transferable Is Not Supported By Substantial Evidence.**

Petitioner contends Respondent erred by determining she is not disabled based on the finding that she has transferable skills for which "[t]here would be very little, if any, vocational adjustment in terms of tools, work processes, work settings, or industry." (AR 6–7.) Petitioner's challenge is based on the Appeals Council's reliance on the testimony of the vocational expert at the ALJ hearing. She argues that the Appeals Council's finding of "very little" vocational adjustment is not supported by substantial evidence when the entirety of the vocational expert's testimony is considered.

A claimant aged 55 or older whose severe impairments limit her to light work will be found unable to adjust to other work unless she has skills she can transfer to other skilled or semiskilled work she can do despite her impairments. 20 C.F.R. § 404.1568(d)(4). Specifically, if a claimant is closely approaching retirement age and has severe impairment limiting her to no

more than light work, her skills will be found transferable to skilled or semiskilled light work only if the light work is so similar to her previous work that she "would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." *Id.*

Here, the Appeal Council found, and Petitioner does not dispute, that she is "closely approaching retirement age" and that her "past relevant work is semiskilled or skilled." (AR 5, 6.) The Appeals Council also found Petitioner is limited to light work with additional limitations.[4] Based on the testimony of the vocational expert at the ALJ hearing, the Appeals Council found that Petitioner's skills were transferable to jobs such as teller, clearing house clerk, and administrative clerk, jobs which exist in significant numbers in the national economy. (AR 6.) The dispute revolves around whether substantial evidence supports the Appeals Council's finding that Petitioner's skills would transfer with "very little, if any, vocational adjustment in terms of tools, work processes, work settings, or industry." (AR 6–7.)

A review of the vocational expert's testimony demonstrates that the Appeals Council's finding is not supported by substantial evidence. Referring to the jobs listed in the preceding paragraph, the following exchange occurred between the ALJ and the vocational expert:

> ALJ: Compared to the claimant's past work, do these alternative occupations you have identified involve the same, similar, different tools, work process, work setting?
> VE: Well, it would be a different work setting….in relation to the general ledger bookkeeper position that she had, it would be the same processes. It would basically be counting money and making sure that the amounts match up.
> ALJ: Would there be a lot of adjustment?
> VE: That's hard to say because she said she did bookkeeping on the weekends, so I'm not – that wasn't a full-time position.

---

[4] Petitioner's separate argument the Appeals Council erred in assessing her RFC is addressed *infra*. But Petitioner does not dispute that she is limited to "no more than light work."

**MEMORANDUM DECISION AND ORDER – 9**

(AR 73.)

Thus, the ALJ's question specifically referenced some of the requirements under the regulation to evaluate transferability of skills, in that it inquired about "tools, work process, work settings." The vocational expert's answer that "it would be a different work setting" does not adequately support the Appeals Council's finding of "very little, if any, vocational adjustment." More significantly, the ALJ inquired directly whether "a lot of adjustment" would be required for Petitioner to transfer her skills to one of the identified jobs. Rather than quantifying her answer, the vocational expert testified that the degree of adjustment would be "hard to say" given that Petitioner's work had historically been done part-time on weekends. She did not say that "very little" adjustment would be required.

Yet the Appeals Council represented that:

> in describing the degree of vocational adjustment, the vocational expert stated that the same work processes would be involved. The Appeals Council finds the vocational expert's testimony persuasive. Accordingly, the Appeals Council finds that the claimant acquired transferrable skills to other work, and that there would be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or industry.

(AR 6.)

Based on the expert's testimony that "in relation to the general ledger bookkeeper position that she had, it would be the same processes," the Court agrees with the Appeals Council that "the same work processes would be involved." But the expert expressly said it would be a "different work setting" and she could not answer whether there would be "a lot of adjustment." Thus, the expert's testimony does not support the Appeals Council's finding of "very little, if any, vocational adjustment." The Appeals Council's decision does not cite any other evidence supporting its finding on this issue. Therefore, because the Appeals Council neither addressed a patent discrepancy between its finding and the vocational expert's testimony

**MEMORANDUM DECISION AND ORDER – 10**

nor discussed other evidence of record which might have supported its finding, the finding is not supported by substantial evidence and will be overturned. Petitioner's petition for review will be granted as to this issue.

### 2. Respondent Erred by Failing to Include Mental Limitations in Petitioner's RFC.

Next, Petitioner contends Respondent erred by assessing an RFC for her that contained no work-related mental limitations despite finding that she suffers from the severe mental impairments of bipolar disorder, depression, and anxiety. She argues that, by definition, a "severe impairment" causes at least some work-related limitations of ability to perform basic work activities. Therefore, her argument continues, it is error to find a severe mental impairment without a corresponding limitation in the RFC assessment.

The ALJ's decision, which was adopted in relevant part by the Appeals Council, states some, but not all, of the applicable law, *to wit*:

> "An impairment or combination of impairments is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities." (AR 21.)

> "An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. In making this finding, [the ALJ] must consider all of the claimant's impairments." (AR 21–22.)

The ALJ and the Appeals Council then each included bipolar disorder, depression, and anxiety among Petitioner's severe impairments. (AR 6, 22.) The Appeals Council found that Petitioner has the residual functional capacity to perform "light work, except that the claimant can occasionally balance and climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; and avoid all exposure to workplace hazards, including unprotected heights and moving mechanical parts." (AR 6.) Thus, the RFC includes postural

**MEMORANDUM DECISION AND ORDER – 11**

limitations but no mental limitations.[5] The Appeals Council did not discuss its reasons for assessing Petitioner's RFC as it did. Nor is it clear the extent to which the Appeals Council adopted the ALJ's reasoning with respect to the RFC formulated by the ALJ.[6]

However, the Appeals Council did adopt the ALJ's statements regarding "the issues in the case, and the evidentiary facts." (AR 4.) The ALJ found that Petitioner was diagnosed with bipolar disorder in 2004 and 2014 and that she "has sought mental health treatment and counseling, but she continues to report depressive symptoms and anxiety despite being prescribed antidepressant medications." (AR 23.) As such, the ALJ found that Petitioner's listed impairments, including bipolar disorder, depression, and anxiety, "are severe and cause more than a minimal limitation on the claimant's ability to perform basic work activities." (AR 23.) In the section of the ALJ's decision focused on Petitioner's RFC, AR 25–29, the ALJ discussed each of Petitioner's mental impairments. (AR 26, 27.) The ALJ did not indicate whether he had considered any possible workplace limitations resulting from such mental impairments. The ALJ did say that "[t]he claimant has inconsistently reported her mental limitations," AR 26, but the ALJ (and, in turn, the Appeals Council) already had found that Petitioner suffers from the severe mental impairments listed.

Per 20 C.F.R. § 404.1520a, evaluation of the severity of mental impairments for adults requires Respondent to "follow a special technique at each level in the administrative review process." One purpose of this approach is to "[c]onsider and evaluate functional consequences

---

[5] Although the Appeals Council's RFC differs somewhat from the ALJ's RFC, the ALJ's RFC likewise failed to include any mental limitations. However, only the Appeals Council's RFC is under review in this memorandum decision and order.

[6] The Appeals Council stated it "agrees with the [ALJ's] findings under steps 1, 2 and 3" but "does not agree with the [ALJ's] finding at step 4." (AR 4.) The RFC assessment is made after step 3 but before step 4.

**MEMORANDUM DECISION AND ORDER – 12**

of the mental disorder(s) relevant to [the claimant's] ability to work." 20 C.F.R. § 404.1520a(a)(2). At step three, which involves deciding whether a claimant's impairment or combination of impairments is severe enough to meet or medically equal pre-defined listings, this "special technique" requires rating the degree of a claimant's functional limitation in four specific mental areas as either none, mild, moderate, marked, or extreme. 20 C.F.R. § 404.1520a(c). When the evaluator is the ALJ or the Appeals Council, "the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)."[7] 20 C.F.R. 404.1520a(e)(4) (emphasis added).

Petitioner's challenge is based on the Appeals Council's RFC assessment rather than its step three determination, but Respondent argues in part that the step three determination helps show that the RFC assessment is proper. Respondent contends that an RFC need not include mild mental limitations when the limitations do not significantly interfere with work activities. Resp't's Mem. 8 (Dkt. 20) (citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001)). *Osenbrock* does indeed stand for such a proposition, but its persuasiveness is limited because it does not make clear whether the claimant's mental limitation at issue was a "severe impairment" before concluding that it was only "mild" and therefore excluding any mental limitations in the RFC. *See generally Osenbrock*, 240 F.3d 1157.

---

[7] Although Petitioner does not raise this as a separate issue, it is not clear that the ALJ or the Appeals Council "show[ed] … the functional limitations that were considered" at step 3. Had either decision included such a discussion, the Court may have concluded that Respondent met its obligation to consider mental limitations in Petitioner's RFC.

**MEMORANDUM DECISION AND ORDER – 13**

Regardless, in Petitioner's case the Appeals Council, by virtue of adopting the ALJ's step three determination, did not find that Petitioner's mental limitations were all "mild." Rather, the ALJ's decision stated that Petitioner has "moderate" restriction in activities of daily living. (AR 24.) This assessment was accompanied by an explanation:

> The claimant reported that she has had a diminished interest and pleasure, with bouts of excessive and diminished energy (Exh. 1F/ 26, 3F). However, the claimant reported that she has no issue with personal care and that she does not need any help or reminders with her personal needs or medicine (Exh. 7E). A state agency psychological consultant reviewed the available evidence of record and concluded that the claimant's mental impairments caused a mild restriction in activities of daily living (Exh. 8A).

(AR 24.) The ALJ gave the opinion of the psychological consultant "significant weight." (AR 28.)

Respondent frames the ALJ's finding of a "moderate" restriction in activities of daily living as a scrivener's error; it contends the ALJ intended to state that Petitioner has "mild" restrictions in activities of daily living. Resp't's Mem. 9 (Dkt. 20.) Respondent cites various cases in support of allowing reviewing courts to draw inferences from an ALJ's opinion. *Id.* This argument need not be definitively resolved because the case will be remanded on other issues, as described *supra*. Nonetheless, the Court is not persuaded that the ALJ actually found "mild" rather than "moderate" restrictions in activities of daily living. Scrivener's error or not, if the ALJ meant that Petitioner has mild, rather than moderate, restriction in activities of daily life, the decision can be corrected or clarified on remand.

Respondent also draws upon a circuit decision rejecting an argument similar to Petitioner's here, based on the claimant's having "offer[ed] no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities." *Bray v. Comm'r*, 554 F.3d 1219, 1228–1229 (9th Cir.

2009). *Bray*, too, is inapposite. In *Bray*, the ALJ considered how the claimant's adjustment disorder affected her RFC, as evidenced by the ALJ's posing a hypothetical question to a vocational expert that expressly addressed concentration. *Id.* Here, nothing in the record, including the hypotheticals the ALJ posed to the vocational expert, AR 67–69, indicates whether or how the ALJ considered the impact of Petitioner's severe mental impairments on her RFC.[8] That is, in *Bray* the ALJ declined to include any mental limitations in Bray's RFC but the evidence showed that mental limitations were at least considered. But here, nothing in the record shows that the ALJ considered whether Petitioner's RFC should include any mental limitations or why he declined to include any such limitations. This vacuum constitutes error.

Having made its way through this thicket, the Court is persuaded the Appeals Council's RFC assessment is not supported by substantial evidence. The Appeals Council found Petitioner suffers from the severe mental impairments of bipolar disorder, depression, and anxiety, but its assessed RFC does not include any mental limitations whatsoever. Moreover, neither the Appeals Council's decision nor the ALJ's decision (which the Appeals Council adopted in part) contains any analysis or discussion that could justify an RFC finding with no mental limitations. Not every RFC will include mental limitations. But where the claimant suffers from severe mental impairments, Respondent must consider the inclusion of mental limitations in the RFC. It is error not to do so, because not to do so also means that the Respondent has not reconciled how the claimant suffers from a severe mental impairment – implicitly meaning an impairment that causes some work-related limitations – yet an RFC was assessed with no mental limitations.

---

[8] At the ALJ hearing, Petitioner's counsel asked the vocational expert what effect a limitation in interaction with the public, coworkers, and supervisors to "superficial" would have, but the ALJ did not engage in that portion of the questioning and, as described, did not include any such discussion in his decision. (AR 75.)

**MEMORANDUM DECISION AND ORDER – 15**

Respondent's decision lacks substantial evidence because of the disconnect that results from finding severe mental impairments but finding no mental limitations in her RFC and failing to offer any reasons for leaving them out. Petitioner's petition for review is granted on this issue.

### 3. Respondent Did Not Err when Evaluating Petitioner's Credibility.

Finally, Petitioner contends the ALJ erred by failing to consider her "stellar" work history when evaluating her credibility. She refers to her "excellent work history prior to her alleged onset of disability, with covered earnings for every work quarter since 1991 until onset of disability in 2014 for a total of 94 consecutive quarters (i.e. 23 ½ consecutive years.)" Pet'r's Mem. 19 (Dkt. 16) (citing AR 241). She also notes that her claim for unemployment compensation was denied because she was unable to attest to being able to complete a 40-hour workweek. (AR 64.)

Social Security regulations require Respondent to "consider all of the evidence presented, including information about [a claimant's] prior work record" when evaluating a disability claim. 20 C.F.R. 404.1529(c)(3). Thus, there is an express requirement that work history be considered. Petitioner cites various cases in which a claimant's positive work history reflected favorably on his or her credibility, while also noting that evidence of poor work history can be a clear and convincing reason to discredit a claimant's credibility. Pet'r's Mem. 19–20 (Dkt. 16) (citing *Simmons v. Colvin*, 2016 WL 6436829 at *8 (C.D. Cal. Oct. 31, 2016); *Taybron v. Harris*, 667 F.2d 412 (3d Cir. 1981); *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).

The Appeals Council's decision does not address Petitioner's credibility with respect to her subjective complaints, but the ALJ did so and the Appeals Council adopted the ALJ's

**MEMORANDUM DECISION AND ORDER – 16**

"evidentiary findings." (AR 4). Thus, the Appeals Council's partial adoption of the ALJ's decision includes the ALJ's assessment of Petitioner's credibility.

The ALJ concluded that the Petitioner was not entirely credible, finding that her statements "concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 26.) The discussion following that finding does not expressly evaluate Petitioner's prior work record. However, the ALJ does say that his findings are the result of "careful consideration of the entire record." (AR 22.) The Appeals Council's decision likewise states that "[t]he Appeals Council has considered the entire record." Additionally, the Appeals Council's decision discusses Petitioner's "work history reports," further indicating that her prior work record was considered. (AR 5.)

Broadly, Respondent contends that the ALJ's decision is entitled to great weight because the ALJ made specific findings supporting the credibility determination and that Petitioner's argument was waived because she failed to challenge the ALJ's clear and convincing reasons for rejecting her credibility. Resp't's Mem. 12–13 (Dkt. 20). The starting point, however, is the Social Security regulations requiring that the ALJ consider Petitioner's prior work record, and if he failed to do so then his decision is not supported by substantial evidence and the issues of its weight or sufficiency are not reached. In confronting that hurdle, Respondent argues that a statement saying that "the entire record" was considered suffices to show compliance with Respondent's duty to consider all the evidence presented, including prior work history. *Id.* at 12. Additionally, Respondent refers to hearing testimony expressly discussing a portion (though not the entirety) of Petitioner's work record. (AR 40, 46–50.)

**MEMORANDUM DECISION AND ORDER – 17**

The Court agrees that neither the ALJ nor the Appeals Council spoke directly to any relationship between Petitioner's prior work record and her credibility; even so, the Court is not persuaded that Respondent failed to satisfy its obligation to consider such prior work record. There is some evidence that the ALJ or the Appeals Council considered Petitioner's work record, albeit in the nature of "we considered the entire record," and there were questions and testimony about Petitioner's work history in the hearing. Significantly, there is a distinction between a requirement to *consider* a factor and a requirement to *discuss* such factor. *See* SSR 06-03p, 2006 WL 2329939 at *6. Moreover, the Court's holdings on the other issues of this case mean that the resolution of this issue will not change the case's outcome either way. Regardless, on remand Respondent will have an opportunity to more clearly demonstrate that it has properly considered Petitioner's prior work record, as required by 20 C.F.R. § 404.1529(c)(3).

## IV. **CONCLUSION**

Petitioner has met her burden to show that the Appeals Council committed reversible legal error by finding that Petitioner's skills are transferrable without sufficient evidentiary support and by failing to include any mental limitations in her RFC or discuss any reasons for not including such limitations. Therefore, the Appeals Council's decision is not supported by substantial evidence and it is reversed. The case will be remanded for further proceedings.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**MEMORANDUM DECISION AND ORDER – 18**

# V. ORDER

Based on the foregoing, Petitioner's Petition for Review (Dkt. 1) is **GRANTED,** the decision of the Commissioner is **REVERSED**, and this action is **REMANDED** to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED: September 30, 2019

Honorable Ronald E. Bush
Chief U.S. Magistrate Judge