**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| ZELTA M. GIBSON,<br><br>Petitioner,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Respondent. | Case No.: 1:18-cv-00326-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: JOINT STIPULATION FOR EAJA FEES (DKT. 24)** |

Pending is the parties' Joint Stipulation for EAJA Fees (Dkt. 24), regarding Petitioner's application for an attorney fee in the amount of $6,745.67. Having carefully considered the record and otherwise being fully advised, the Court enters the following Order.

Petitioner initiated this action July 23, 2018, seeking judicial review of the final decision of Respondent, the Commissioner of the Social Security Administration. Pet. for Review (Dkt. 1). On September 30, 2019, the Court issued an order granting the petition for review, reversing the decision of the Commissioner, and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 22). On that same day, the Court issued a Judgment, making the decision final and Petitioner the prevailing party for purposes of assessing a fee award in this action. (Dkt. 23); *Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993).

Petitioner now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 24). Under the EAJA, the Court "shall award to a prevailing party . . . fees and other expenses, . . . unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Nothing in the record indicates such "substantial justification" or circumstances that would "make an award unjust." Moreover, Petitioner's application for fees was presented to the Court as a stipulation; Respondent does not object to Petitioner's application (Dkt. 24).

**ORDER – 1**

But even if there is no objection, the Court has an independent obligation to review the reasonableness of the request as to the fee charged and the hours expended.  To this end, the EAJA provides that the rate charged must be based on prevailing market rates not to exceed a maximum rate of $125 per hour unless the Court finds that a higher rate is justified by increases in the cost of living or by a special factor such as "the limited availability of qualified attorneys for the proceedings involved."  28 U.S.C. § 2412(d)(2)(A).

The Ninth Circuit publishes guidelines which set EAJA fees as adjusted for cost-of-living increases in a given period.[1]  Petitioner's attorney reports 38.8 hours of work, for which Petitioner seeks the sum of $6,745.67, for an hourly rate of $173.86.  (Dkt. 24-1.)  The hourly rate requested is within the rates allowed.  The request for $6,745.67 in fees is within the norm for cases such as this, and it does not appear that Petitioner's counsel billed for uncollectible items, such as duplicative tasks or hours spent on administrative tasks not ordinarily chargeable to clients.  Therefore, the Court awards attorney fees in the requested amount of $6,745.67.

Petitioner executed a Fee Agreement (Dkt. 24-2) authorizing any fee award under the EAJA be assigned to counsel.  The joint stipulation and the Fee Agreement are in good order.

Accordingly, **IT IS HEREBY ORDERED** that the parties' Joint Stipulation for EAJA Fees (Dkt. 24) is **GRANTED**.  Petitioner is awarded attorney fees in the amount of $6,745.67.  This award may be sent directly to Karl E. Osterhout, counsel for Petitioner, unless the award is subject to any offsets allowed under the Treasury Offset Program.  *Astrue v. Ratliff*, 560 U.S. 586 (2010).

DATED: December 20, 2019

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge

---

[1] *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

**ORDER – 2**